*E-Filed 5/25/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID MILLS, aka DUVAL BARNES, | No. C 10-1751 RS (PR) |
| Plaintiff, | **ORDER OF PARTIAL DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| ALAMEDA COUNTY SHERIFF'S DEP'T, et al., | |
| Defendants. | |

This is a federal civil rights action filed pursuant to 28 U.S.C. § 1983 by a *pro se* prisoner plaintiff against officials and employees of the Alameda County Sheriff's Department. The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).

**DISCUSSION**

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of it, if the complaint "is frivolous, malicious, or fails to state a claim upon which

No. C 10-1751 RS (PR)
ORDER OF SERVICE

1 relief may be granted," or "seeks monetary relief from a defendant who is immune from such
2 relief." *Id*. § 1915A(b).  Pro se pleadings must nonetheless be liberally construed. *Balistreri*
3 *v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

4     To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that
5 a right secured by the Constitution or laws of the United States was violated, and (2) that the
6 alleged violation was committed by a person acting under the color of state law. *West v.*
7 *Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

    Plaintiff alleges that he has been unlawfully detained in administrative segregation ("ad seg") by defendants.  More specifically, plaintiff alleges (1) defendants Ditzenberger, Haynes, and Armstrong unlawfully placed plaintiff in ad seg; (2) defendants Ditzenberger and Graves denied plaintiff's due process right to a hearing before his placement in ad seg; and (3) defendants Ditzenberger and Armstrong lied to keep plaintiff in ad seg.   Liberally construed, claim (2) is cognizable under § 1983.  Claims (1) and (3) fail to state claims upon which relief can be granted.  Specifically, claim (1) is vague and conclusory, failing to allege <u>specific</u> facts how <u>each</u> defendant acted to place plaintiff in ad seg and why such conduct was unlawful.  Claim (3) also is vague and conclusory, failing to allege specific facts how each defendant lied and how those lies led to plaintiff's unlawful detention.  Accordingly, claims (1) and (3) are DISMISSED with leave to amend.  Plaintiff shall file an amended complaint correcting the deficiencies in claims (1) and (3) described in this order, and restate claim (2), within 30 days from the date this order is filed.

    The first amended complaint must include the caption and civil case number used in this order (10-0885 RS (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may <u>not</u> incorporate material from the prior complaint by reference.  If plaintiff fails

to file an amended complaint in accordance with this order, this Court will deem claims (1) and (3) waived, and will order service of claim (2) only.

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

## CONCLUSION

Claims (1) and (3) are DISMISSED with leave to amend. Plaintiff shall file an amended complaint within 30 days of the date this order is filed, correcting the deficiencies outlined above. Claim (2) is cognizable and plaintiff will restate such claim in his amended complaint.

**IT IS SO ORDERED**.

DATED: May 24, 2010

_____
RICHARD SEEBORG
United States District Judge