1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*E-Filed 9/9/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

DAVID MILLS,

        Plaintiff,

    v.

ALAMEDA COUNTY SHERIFF'S
OFFICE, et al.,

        Defendants.
_____/

No. C 10-1751 RS (PR)

**ORDER OF SERVICE;**

**DIRECTING DEFENDANTS TO FILE
DISPOSITIVE MOTION OR NOTICE
REGARDING SUCH MOTION;**

**INSTRUCTIONS TO CLERK**

        This is a federal civil rights action filed by a *pro se* state prisoner pursuant to 42

U.S.C. § 1983 against officials and employees of Pelican Bay State Prison ("PBSP") and the

California Department of Corrections and Rehabilitation ("CDCR").  The original complaint

was dismissed with leave to amend.  The Court now reviews the amended complaint

pursuant to 28 U.S.C. § 1915A(a).

**DISCUSSION**

A.    **Standard of Review**

        A federal court must conduct a preliminary screening in any case in which a prisoner

seeks redress from a governmental entity or officer or employee of a governmental entity.

1   *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and

2   dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may

3   be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.*

4   § 1915A(b)(1),(2).  *Pro se* pleadings must be liberally construed.  *See Balistreri v. Pacifica*

5   *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

6       A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim

7   to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)

8   (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial

9   plausibility when the plaintiff pleads factual content that allows the court to draw the

10  reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (quoting

11  Twombly, 550 U.S. at 556).   Furthermore, a court "is not required to accept legal

12  conclusions cast in the form of factual allegations if those conclusions cannot reasonably be

13  drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th

14  Cir. 1994).

15      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

16  elements:  (1) that a right secured by the Constitution or laws of the United States was

17  violated, and (2) that the alleged violation was committed by a person acting under the color

18  of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

19  **B.    Legal Claims**

20      Plaintiff makes the following due process claims, as construed and combined by this

21  Court:  (1) defendant J. J. King, a deputy sheriff at the Oakland City Jail isolated plaintiff and

22  put waist restraints on him; (2) an unnamed defendant, a "Santa Rita classification deputy,"

23  placed plaintiff in administrative segregation ("ad seg") without a hearing; (3) defendants

24  Ayala, Graves, Ditzenberger, Haynes, Armstrong, Rosas, and McGrory failed to provide

25  plaintiff with a hearing during his time in ad seg, or failed to have sufficient reasons for

26  keeping plaintiff in ad seg, resulting in an atypical hardship and mental and emotional stress;

27  (4) defendants Ditzenberger and Carth falsified documents in order to keep plaintiff in ad

28

United States District Court
For the Northern District of California

1  seg; (5) defendants Ditzenberger, Carth, Haynes, and Armstrong lied to plaintiff about the

2  reasons he was being kept in ad seg; and (6) defendants Ayala, Graves, and Ditzenberger

3  violated plaintiff's liberty interest, failed to review plaintiff's confinement in a meaningful

4  way, and deprived plaintiff of due process.

5       Claim 1 is DISMISSED on grounds that it arises from a different set of operative

6  facts. *See* Fed. R. Civ. P. 15 & 20.  If plaintiff seeks relief on this claim, he must file a

7  separate civil rights action.  Claim 2 is DISMISSED because plaintiff has not named the

8  defendant, and it involves different claims against different defendants.  Plaintiff may wish to

9  pursue this claim in a separate action.  Claim 6 is DISMISSED as it is duplicative of other

10  claims.  The remaining claims, 3, 4, & 5, are, when liberally construed, cognizable under

11  § 1983.

12  **CONCLUSION**

13       For the foregoing reasons, the Court orders as follows:

14       1.    The Clerk of the Court shall issue summons and the United States

15  Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter, all

16  attachments thereto, and a copy of this order upon the following defendants at the Alameda

17  County Sheriff's Department: Sgt. Ditzenberger, Deputy Carth, Deputy D. Armstrong,

18  Deputy D. Haynes, Facility Captain Ayala, Sgt. P. Graves, Deputy Rosas, and Deputy

19  McGrory.  The Clerk shall also mail courtesy copies of the complaint and this order to the

20  California Attorney General's Office.

21       3.    No later than ninety (90) days from the date of this order, defendants shall file

22  a motion for summary judgment or other dispositive motion with respect to the claims in the

23  amended complaint found to be cognizable above.

24       a.    If defendants elect to file a motion to dismiss on the grounds plaintiff

25  failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),

26  defendants shall do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*,

27  315 F.3d 1108, 1119–20 (9th Cir. 2003), cert. denied *Alameida v. Terhune*, 540 U.S. 810

28

No. C 10-1751 RS (PR)
ORDER OF SERVICE

3

1    (2003).

2           b.      Any motion for summary judgment shall be supported by adequate

3    factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of

4    Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor

5    qualified immunity found, if material facts are in dispute.  If any defendant is of the opinion

6    that this case cannot be resolved by summary judgment, he shall so inform the Court prior to

7    the date the summary judgment motion is due.

8           4.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and

9    served on defendants no later than forty-five (45) days from the date defendants' motion is

10   filed.

11          a.      In the event the defendants file an unenumerated motion to dismiss

12   under Rule 12(b), plaintiff is hereby cautioned as follows:

13          The defendants have made a motion to dismiss pursuant to Rule 12(b) of the

14   Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative

15   remedies.  The motion will, if granted, result in the dismissal of your case.  When a party you

16   are suing makes a motion to dismiss for failure to exhaust, and that motion is properly

17   supported by declarations (or other sworn testimony) and/or documents, you may not simply

18   rely on what your complaint says.  Instead, you must set out specific facts in declarations,

19   depositions, answers to interrogatories, or documents, that contradict the facts shown in the

20   defendant's declarations and documents and show that you have in fact exhausted your

21   claims.  If you do not submit your own evidence in opposition, the motion to dismiss, if

22   appropriate, may be granted and the case dismissed.

23          b.      In the event defendants file a motion for summary judgment,

24   the Ninth Circuit has held that the following notice should be given to plaintiffs:

25          The defendants have made a motion for summary  judgment by which they

26   seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the

27   Federal Rules of Civil Procedure will, if granted, end your case.

28

**United States District Court**
For the Northern District of California

No. C 10-1751 RS (PR)
ORDER OF SERVICE

4

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial. *See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

5.    Defendants shall file a reply brief no later than fifteen (15) days after plaintiff's opposition is filed.

6.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7.    All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

No. C 10-1751 RS (PR)
ORDER OF SERVICE

5

8.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9.      It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10.      Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED**.

DATED:  September  8, 2010

_____
RICHARD SEEBORG
United States District Judge