*E-Filed 9/23/11*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

DAVID MILLS,

    Plaintiff,

v.

ALAMEDA COUNTY SHERIFF'S OFFICE, et al.,

    Defendants.

No. C 10-1751 RS (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. For the reasons stated herein, defendants' motion for summary judgment is GRANTED, and the action is DISMISSED.

## BACKGROUND

Plaintiff claims that defendants, employees of the Alameda County Sheriff's Department, (1) failed to provide plaintiff with a hearing during his time in administrative segregation ("ad seg"), or failed to have sufficient reasons for keeping plaintiff in ad seg, resulting in an atypical hardship and mental and emotional stress; (2) falsified documents in

order to keep plaintiff in ad seg; and (3) lied to plaintiff about the reasons he was being kept in ad seg. Defendants move to dismiss the complaint on grounds that plaintiff's claims were previously litigated in state court, and therefore are barred by the doctrine of *res judicata*.

The following facts are undisputed. In 2008, plaintiff filed a petition for writ of habeas corpus in the Alameda Superior Court, in which he challenged his placement in ad seg on grounds that it violated his right to due process, and was causing a deterioration of his mental state. The state superior court held an evidentiary hearing after receiving full briefing from the parties. At the evidentiary hearing, the court heard testimony, the arguments of counsel, and received exhibits. The superior court denied plaintiff's claims in a subsequently issued written decision that addressed the merits of plaintiff's claims.

### III.  *Res Judicata*

Under the Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). There is no exception to the rules of claim and issue preclusion for federal civil rights actions under 42 U.S.C. § 1983 — the Supreme Court has made it clear that a § 1983 claim brought in federal court is subject to principles of claim and issue preclusion by a prior state court judgment. *See id.* at 84; *Allen v. McCurry*, 449 U.S. 90, 97–98 (1980). Even state habeas proceedings can have claim and issue preclusive effect on later § 1983 actions. *See Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1346–47 (9th Cir. 1981) (state habeas proceeding precludes identical issue from being relitigated in subsequent § 1983 action if state habeas court afforded full and fair opportunity for issue to be heard).

*Res judicata*, commonly known as claim preclusion, prohibits a second lawsuit involving the (1) same controversy (2) between the same parties or their privies (3) so long as the prior lawsuit was a final judgment on the merits. *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 896–97 (2002). Claim preclusion also applies to those claims which could have

been litigated as part of the prior cause of action. *See Clark v. Yosemite Community College Dist.*, 785 F.2d 781, 786 (9th Cir. 1986). A plaintiff cannot avoid the bar of claim preclusion merely by alleging conduct by the defendant not alleged in the prior action, or by pleading a new legal theory. *See McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir. 1986).

Plaintiff's claims are barred by *res judicata* because the record shows that all elements of that doctrine are present. Plaintiff petitioned the Alameda County Superior Court for redress on grounds that his placement in ad seg violated his right to due process. After briefing and argument by both plaintiff and defendants, the superior court denied plaintiff's petition on the merits. It is apparent, then, that plaintiff's state habeas petition and the instant § 1983 complaint involve the same controversy, that is, whether defendants violated due process by placing him in ad seg.

The remaining elements of *res judicata* are also present. The parties involved in plaintiff's state habeas petition and instant § 1983 complaint are substantially the same under California law. Plaintiff's habeas petition was directed to the employees of the Alameda County Sheriff's Office who were responsible for his placement in ad seg. Finally, there is no indication that the decision was anything other than a judgment on the merits. Cf. *Barker v. Fleming*, 423 F.3d 1085, 1092 (9th Cir. 2005) (in the federal habeas context, a state court's judgment is "final" and "on the merits" if the court finally resolved the rights of the parties on the substance of the claim, rather than on the basis of a procedural or other rule precluding state review of the merits). Accordingly, plaintiff's claims that he was denied due process in connection with placement in ad seg is barred by the doctrine of *res judicata.* His habeas action also bars any claims which could have been litigated in that action. Accordingly, defendants' motion is GRANTED, and all claims against defendants are hereby DISMISSED with prejudice.

//

//

//

**CONCLUSION**

For the reasons stated above, defendants' motion for summary judgment (Docket No. 18) is GRANTED, and the action is hereby DISMISSED.  The Court certifies that any appeal taken from the order of dismissal and judgment of this action will not be taken in good faith and is therefore frivolous because there are no valid grounds on which to base an appeal. Fed. R. App. P. ("FRAP") 24(a)(3)(A); *Ellis v. United States*, 356 U.S. 674, 674–75 (1958); *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002).  Accordingly, plaintiff's IFP status should not continue on appeal.  The Clerk shall enter judgment in favor of all defendants, terminate Docket No. 18, and close the file.

**IT IS SO ORDERED**.

DATED: September 22, 2011

RICHARD SEEBORG
United States District Judge